### DAVID PRESTON *v.* ISAAC SMITH.

**Process—Nonresident—Warning Order—Validity of—Code Must be Literally Followed—Void Order Gives Court No Jurisdiction—Sales Made Under Void Order Is a Nullity.**

To make a warning order valid and effectual, the provisions of the code must be literally followed. The clerk has the power to warn the defendant to appear on the first day of a term, which does not commence within sixty days after the order is made. The clerk warned the defendant to appear on the sixth day of the term. His action being without warrant of law, must therefore be treated as void. The warning order being void, the court had no jurisdiction over the property attached and the judgment directing it to be sold is a nullity.

APPEAL FROM BARREN CIRCUIT COURT.

January 20, 1872.

OPINION BY JUDGE LINDSAY:

Isaac Smith joined the Confederate army in the early part of the year 1862. Various creditors instituted proceedings against him in the courts of Barren county, and under the provisions

of the act of December 23, 1861, sued out attachments and levied them upon his estate both real and personal. In September, 1863, the various causes pending against him, over twenty in number, were heard together, and a judgment rendered directing the sale of the attached property. At the sale made pursuant to this judgment, David Preston bought a tract of two hundred and twenty-four acres of land, at $15 per acre; John B. McConnell, a tract of one hundred and four acres at $15 per acre, and I. W. Dickey, a tract of fifty-eight acres at $16.25 per acre.

These sales were duly reported and confirmed. The purchase price for each tract was paid, and conveyances made and possession delivered to the purchasers. The moneys thus realized were distributed among the various judgment creditors.

In September, 1866, Smith, who had been proceeded against upon constructive service, appeared in court and moved for a new trial in all the actions against him as allowed in such cases by section 445 of the Civil Code. This motion was sustained. At the same time he filed a pleading in the nature of a petition, against Preston Dickey and McConnell and others, the purchasers of his lands, asking that the sales under which they claimed title should be set aside, the possession of the property restored to him and the rights of all the parties settled.

He claimed this relief upon various grounds, which were specifically set out, among them, he alleged that he was not before the court in any of the cases upon actual service of process, and that in some of them no warning orders were taken out against him, and hence that he was neither actually nor constructively summoned.

Upon an examination of the record, we find that in the case of David R. Young and Company, instituted March 15, 1862, the warning order is in these words, "It appearing from the petition (sworn to) that the defendant Smith is a non-resident of this state, he is hereby warned to appear in the Barren county and criminal court on or before the 6th day of its next June term, and answer plaintiff's petition." By section 88, Civil Code, it is provided that where it is made to appear in the prescribed manner that the defendant is a non-resident of this state, the clerk shall make, upon the petition, an order warning such defendant to appear in the action on the first day of the next term

of the court which does not commence within sixty days of the time of making the order.

This court has uniformly held to make a warning order valid and effectual the provisions of the code must be literally followed. The clerk must exercise the power vested in him in accordance with the terms of the statutes. He has the power to warn the defendant to appear on the *first day* of a term, which does not commence within sixty days after the order is made.

He has no power to warn him to appear on the sixtieth day of such term. His action in this case being without warrant of law must therefore be treated as void. *Brownsfield v. Dyer*, 7th Bush 505; 4 Munroe 546; 6 Munroe 205.

The order of warning in this case being void, the court had no jurisdiction over the property attached, and the judgment directing it to be sold in satisfaction of the claim of D. M. Young, etc., is a nullity. In the case of M. Delph it does not appear that it was ever attempted to take out an order of warning, and return on the process shows that Smith was not found. The judgment directing the sales of the land to satisfy Delph's claim is therefore clearly void. It is not necessary to notice other irregularities and misconduct complained of upon the part both of the plaintiffs and the purchasers. The fact that the causes were all heard together, that the judgment was joint and decreed a sale of all the lands to satisfy all the debts embraced in it, connected with the further fact that in two of these cases the court had no jurisdiction, made it in our opinion the imperative duty of the court to set aside the sales. It was not possible to ascertain what portion of the lands were sold to satisfy the debts of D. M. Young, etc. Nor the debt of Delph. In fact the judgment directed all the land to be sold in satisfaction of all the debts embraced therein. The sales being void in part, there was no way in which the equities of the parties could be protected other than by vacating them, and the court below did not err in so doing. The fact that Smith answered the petition of Grinstead, and did not, so far as the record shows, object to the consolidation of that with the other causes, cannot be regarded as the entering by him of his appearance in such causes.

This conclusion renders it unnecessary for us to determine whether or not a party constructively summoned can, under the

provisions of the 445th section of the Code, so far open the judgment as to affect the title of purchasers.

We perceive no error in the judgment of the court, settling the rights of the parties as to rents, improvements and interest.

Judgment affirmed.

C. B. Seymour, Lesle & Both Barrett & Roberts for appellant.

James, for appellee.